IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE LOUIS JACKSON, # 399289                                    PLAINTIFF

v.                                        CAUSE NO. 1:16CV420-LG-RHW

CITY OF GULFPORT, GULFPORT
POLICE DEPARTMENT, LARRY
MCCOOK, ADAM GIBBIONS, and
ARRON FORE                                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This case is before the Court *sua sponte.* *Pro se* Plaintiff Willie Louis Jackson is a pretrial detainee at the Harrison County Detention Center, and this Complaint arises from a prior arrest by the Gulfport Police Department. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Gulfport Police Department, Adam Gibbions, and Arron Fore are dismissed, as are the *respondeat superior* claims.

FACTS AND PROCEDURAL HISTORY

Jackson is currently a pretrial detainee in Harrison County. Defendants are the City of Gulfport, the Gulfport Police Department, and its officers Detective Larry McCook, Sergeant Adam Gibbions, and Sergeant Arron Fore.

Jackson alleges that on September 10, 2014, he was driving his vehicle in Gulfport, Mississippi, when he was pulled over by officers from the Police Department's Narcotics Division. One of these officers was McCook. Jackson claims that one officer snatched him from the car and began to beat him and

handcuffed him for no reason.  While Jackson was handcuffed, several officers including McCook allegedly attacked Jackson, causing him to black out several times.  According to the pleadings, when he passed a blood alcohol test, the officers took his vehicle and told him to leave.  They denied his request for medical attention.  He contends that he went to the hospital on his own that night and was treated for head injuries.

The next day, Jackson alleges he went to the police station to file a grievance against these officers.  Jackson asserts that the police department's policy is that any grievance concerning a police officer "must go to the Chief of Police before the Internal Affairs can investigate where the Chief . . . is the supervis[o]r of the officers and don't let them investigate."  (Compl. at 6).  It is not clear whether the goal is to prevent the accused officers, or Internal Affairs, from investigating.  Instead, when Jackson informed the desk clerk of his intent, the desk clerk called two of the allegedly offending officers, including McCook.  These two officers proceeded to arrest Jackson, in what he maintains was retaliation for trying to file a grievance against them.

Jackson alleges that Gibbion and Fore are supervisors of the Narcotics Division, and he is not sure whether they participated in the alleged events described above.  (Resp. [9] at 1); (Compl. at 6).

Jackson initiated this Complaint under 42 U.S.C. § 1983, claiming illegal search and seizure, excessive force, denial of medical treatment, and retaliation.  He sues the City under *respondeat superior* and perhaps *Monell v. Department of Social*

*Services*, 436 U.S. 658 (1978).

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Jackson to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Jackson asserts claims under § 1983 for illegal search and seizure, excessive force, denial of medical treatment, and retaliation.  Among others, he sues the City, Police Department, Gibbion, and Fore.

POLICE DEPARTMENT

The capacity of the Police Department to be sued is determined according to Mississippi law.  Fed. R. Civ. P. 17(b)(3).  Under Mississippi law, a police department is not a separate legal entity that may be sued.  Rather, it is an extension of the city.  Miss. Code Ann. § 21-17-1(1) (municipalities are distinct legal entities); Miss. Code Ann. § 21-21-1, et seq. (municipalities may create and fund police departments); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department).  Therefore, the Gulfport Police Department is dismissed.

Notably, Jackson has also sued the City of Gulfport.  Therefore, the allegations against the Police Department will be construed as allegations against the City.

GIBBION AND FORE

Plaintiff next alleges that Gibbion and Fore are supervisors, and Plaintiff cannot tell whether or not they were personally involved in the alleged events of September 10, 2014.

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006).  The supervisor must either be personally involved in the violation or otherwise have caused the violation.  *Id.*  Plaintiff denies knowing whether these Defendants were personally involved.  Plaintiff fails to state a claim against Gibbion and Fore.  The *respondeat superior* claim against them will be dismissed with prejudice.  Any direct

4

liability claim against them will be dismissed without prejudice.

CITY OF GULFPORT

Finally, the City is also sued under a theory of *respondeat superior*, because the "Narcotics Division works for the [C]ity of Gulfport." (Resp. [9] at 1). It is not clear if the City is also being sued for having caused any of the alleged violations.

A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the City under § 1983, Jackson must allege (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To the extent Jackson sues the City because it employs the Narcotics officers, this is insufficient to state a claim.

However, Jackson alleges the existence of an official City policy for grievances about officers to be given to the Chief of Police "before the Internal Affairs can investigate where the Chief . . . is the supervis[o]r of the officers and don't let them investigate." (Compl. at 6). One reading of this is that the Chief does not allow the officers accused to handle the investigation. If so, then the desk clerk cannot be said to be acting pursuant to policy, and it is difficult to imagine how this

would cause the alleged wrongs done Plaintiff.  Another possible reading is that the Chief intercepts grievances to prevent Internal Affairs from investigating.  If the latter reading is correct, did this supposed policy cause any of the alleged constitutional torts at issue?  Because the Court is of the opinion that the record is in further need of development on this point, the City of Gulfport will not yet be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Gulfport Police Department is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the *respondeat superior* claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief could be granted.  Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the remaining claims against Defendants Adam Gibbion and Arron Fore are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The remainder of the case shall proceed on the direct liability claims against Defendants City of Gulfport and Larry McCook.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE