# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIE LOUIS JACKSON # 399289**                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:16cv420-LG-RHW**

**CITY OF GULFPORT,** *et al.*                                     **DEFENDANTS**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is [19] the April 4, 2017 motion to dismiss or for summary judgment filed by the City of Gulfport in this *pro se* prisoner civil rights action. Although the City certified it mailed copies of its motion and memorandum to the Plaintiff [19, p. 6], [20, p. 8], Plaintiff has filed no response. Because the motion is dispositive in nature, the undersigned addresses it on the merits.

### Facts and Procedural History

On November 23, 2016, Willie Louis Jackson filed this prisoner civil rights complaint, against the City of Gulfport (City), Gulfport Police Department, Detective Larry McCook, Sgt. Adam Gibbions and Sgt. Arron Fore. Jackson alleges that on September 10, 2014, City narcotics officers pulled him from his car, beat him and had his car towed, then released him without charging him with any crime. He claims he went to Garden Park Hospital to be treated for head injuries, bruises and cuts. [1], [9, pp. 1-2]

Jackson claims that the next day, September 11, 2014, between 11:40 a.m. and 1:00 p.m., he went to Gulfport Police Department to file a grievance about the incident, but the desk clerk called the officers about whom he was complaining rather than "calling internal affairs and given (*sic*) [Jackson] the grievance." The officers came out, arrested Jackson and put him in jail. [1, p. 5], [7] Jackson identified Larry McCook as the officer who arrested him at the police station. [9] Jackson complains he was denied the right to file a grievance against the officers, subjected

to cruel and unusual treatment by having been beaten, and that his car was unlawfully seized without a warrant or a crime.  Although Jackson alleges the City has a policy which requires that any complaint against an officer must go to the Chief of Police before internal affairs can investigate, the affidavit of Police Chief Leonard Papania establishes that Jackson never filed a grievance regarding any 2014 incident with police officer(s).  [19-10]  Jackson claims his arrest was in retaliation for his trying to file a grievance against police officers, and states the narcotics officers "beat [him] under the supervision of Sgt. Arron Fore and Sgt. Adam Gibbion."  [1, p. 6]

By order entered February 16, 2017, the District Judge dismissed Gulfport Police Department from the case because it is not a separate legal entity which can be sued; dismissed Adam Gibbions and Arron Fore for Plaintiff's failure to state a claim against them because Jackson does not know whether they were personally involved in the incidents of which he complains and "there is no vicarious or *respondeat superior* liability of supervisors under section 1983;" and dismissed *respondeat superior* claims against the City.  This left only Jackson's direct liability claims against the City and McCook. [12]

On February 27, 2017, the summons issued for Larry McCook was returned unexecuted by the United States Marshal Service (USMS), with the notation, "Larry McCook is not employed with the City of Gulfport."  [15]  The City thereafter provided the Court McCook's last known address and the Court had summons re-issued for McCook at that address.  However, that process was also returned unexecuted, bearing a notation that McCook no longer lives at that address.  [26]  McCook has never been served with process nor made an appearance in this case.

On April 5, 2017, the City moved for dismissal of Jackson's claims, or alternatively for summary judgment under Rules 12 or 56, FED.R.CIV.P.  In support of its motion, the City presents documentary evidence that Plaintiff had been stopped for a traffic offense (improper turn) on June 20, 2014.  He was cited for that offense and for driving with a suspended license,

and directed to appear or contact the Municipal Court clerk by July 9, 2014. [19-2], [19-3]  At the time of the traffic stop, Jackson had in his possession a perceived felony amount of synthetic cannabinoids ("spice"), for which Jackson was ultimately indicted on January 20, 2015.  [19-9]

Jackson failed to appear or contact the court on the traffic citations, and on July 11, 2014, the Municipal Court issued a bench warrant for his arrest.  [19-4]   McCook arrested Jackson at Gulfport Police Department on September 11, 2014 on the bench warrant, and on the same day Jackson was served with a January 27, 2014 warrant for his arrest on a charge of probation violation.  [19-6]  On September 12, 2014, Jackson pled guilty to both the traffic citations and to being in contempt of the bench warrant.  [19-5]

Citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-94 (1978), the City contends Jackson cannot show any official policy of the City caused a violation of his constitutional rights.  Because the City relies on matters outside the pleadings, the motion is considered as one for summary judgment.

Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party.  *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).  The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

One seeking summary judgment must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. Once the movant carries his burden, the burden shifts to the non-movant to show summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>Law and Analysis</u>

The first inquiry in a § 1983 civil rights action is whether the complainant has been deprived of a federally protected right. There can be no relief under 42 U.S.C. § 1983 if there has been no deprivation of a federally protected civil right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Jackson alleges the City violated his right to file a grievance against a police officer who allegedly assaulted him. The City urges that the U.S. Constitution does not guarantee a person the right to file a grievance with a law enforcement agency, and in any event, Jackson never submitted a grievance. Furthermore, Jackson's claim that his September 11, 2014 arrest was in retaliation for his trying to file a grievance is belied by the fact that his arrest that day was on two

outstanding warrants issued months earlier, and based on charges to which Jackson pled guilty on September 12, 2014. [19-4], [19-6], [19-5], [19-8]

A city may be held liable under § 1983 when its official policies or customs violate the Constitution *and* the policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690-91. As the District Judge has already ruled in this case, the City cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* The City cannot be held liable simply because it employs the police officers about whom Jackson complains, and an isolated incident of misconduct by non-policy-making employees will not suffice to prove knowledge by the City's policy makers. *Id.*, at 691-94; *Hicks v. Bexar County*, 973 F.Supp. 653, 679 (W.D. Tex.), *aff'd*, 137 F.3d 1352 (5th Cir. 1998). Even if Jackson were able to prove he had a constitutionally protected right to file a grievance about police conduct, and that the City had an unconstitutional policy with respect to filing such grievances, he still has neither alleged nor come forward with proof that a City policy was the moving force behind his alleged injury, since the evidence before the Court is undisputed that his September 2014 arrest was on outstanding warrants issued in January 2014 and July 2014, and Jackson never filed any grievance. Since filing his complaint which made only conclusory allegations regarding City policy, Jackson has stated he does not know the City's policy with respect to investigation of grievances against officers [9, p. 1]. In addition, he has not come forward with anything to show that any City policy caused him a constitutional injury. See, *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."). Plaintiff's complete lack of proof concerning any essential element of his municipal liability claim renders all other facts immaterial, and entitles the City to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

## RECOMMENDATION

Based on the foregoing, the undersigned is of the opinion that the motion for summary judgment filed by the City of Gulfport should be granted, and this case dismissed as to the City.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 11th day of September, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE