# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIE LOUIS JACKSON # 399289**                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:16cv420-LG-RHW**

**LARRY McCOOK**                                      **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for consideration of dismissal of the case for failure to have process served on Larry McCook, the only remaining defendant in this prisoner civil rights lawsuit filed November 23, 2016.[1] The United States Marshal Service (USMS) returned the original summons issued for McCook unexecuted on February 27, 2017, with a notation that, "Larry McCook is not employed with the City of Gulfport." [15] Pursuant to Order [21] entered April 14, 2014, the City provided the Court McCook's last known address, and the Court had summons issued for McCook at that address. [21]-[25] The USMS returned this second summons unexecuted on May 11, 2017, with a notation that McCook no longer lives at that address. [26]

By Order [31], entered October 4, 2017, the Court granted Plaintiff a "final opportunity" (until November 3, 2017) to provide the Court an address where McCook could be served with the summons and complaint, expressly warning Plaintiff that his failure to do so would result in a recommendation that the case be dismissed as to McCook for failure to serve process. The copy of the order mailed to Plaintiff at his address of record was returned marked undeliverable on

---

[1] By order [12] entered February 16, 2017, the District Judge dismissed Defendants Gulfport Police Department and Officers Gibbion and Fore. On October 19, 2017, the District Judge adopted the September 11, 2017 Report and Recommendation recommending that the City of Gulfport's motion for summary judgment be granted, and dismissed the case as to the City. [33]

October 17, 2017.[2]  Plaintiff has provided no address for service of process on McCook, and the time allowed by the Rules for service of process has long since expired.  FED.R.CIV.P. 4(m).

### RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Plaintiff's complaint against Larry McCook be dismissed for failure to serve process, and, since McCook is the only remaining defendant in the case, that final judgment be entered to close the case.

### NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R.  The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Court need not consider frivolous, conclusive, or general objections.  Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 13th day of November, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2]Court orders have repeatedly warned Plaintiff that he must keep the Court apprised of his address to avoid dismissal of his case.  [3], [5], [10], [13]